FILED

2021 Jan-29  PM 02:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| DALLAS WELDON and BOB LUJANO on their own behalf and on behalf of all others similarly situated, )<br>)<br>) | |
| ) | Case No.: 1:20-cv-02030-CLM |
| Plaintiffs, ) | |
| ) | **CLASS ACTION COMPLAINT** |
| v. ) | |
| ) | |
| SCHUSTER ENTERPRISES, INC., a foreign corporation, )<br>) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, DALLAS WELDON (hereinafter "Weldon" and/or "Class Representative" or "Plaintiff"), and BOB LUJANO (hereinafter "Lujano" and/or "Class Representative" or "Plaintiff") on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, hereby file their First Amended Complaint against SCHUSTER ENTERPRISES, INC., ("Defendant") and alleges as follows:

## INTRODUCTION

1.      Plaintiffs, by filing this class action seek to put an end to systemic civil rights violations committed by Defendant SCHUSTER ENTERPRISES, INC., a foreign corporation (hereinafter "Schuster Enterprises" and/or "Defendant"), against

people in wheelchairs and/or persons with mobility impairments, who without the obligations imposed by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), would otherwise be denied equal access to the goods and services provided to able-bodied members of the public. Defendant is denying individuals in wheelchairs and/or with mobility impairments, equal access to goods and services provided to its able-bodied customers at its Burger King restaurant locations in violation of the ADA.

2. Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated against Defendant, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, ("ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), its implementing regulations in connection with access barriers at public accommodations owned, operated, controlled, leased to and/or leased by Defendant ("Defendant's facilities" and/or "Burger King restaurant locations" and/or "Burger King restaurant locations and/or properties" and/or "Burger King facilities" and/or "Burger King locations" and/or "subject locations" and/or "subject facilities").

3. Plaintiff, Weldon, has mobility disabilities and is limited in the major life activity of walking, which has caused him to utilize a wheelchair for mobility.

4. Plaintiff, Lujano, has mobility disabilities and is limited in the major life activity of walking, which has caused him to utilize a wheelchair for mobility.

5.     Plaintiffs have patronized several of Defendant's Burger King Restaurant locations recently and on multiple occasions within the last two years of the filing of this complaint, and intend to continue to patronize Defendant's Burger King Locations. However, unless Defendant is required to remove the access barriers described below, Plaintiffs will continue to be denied full access to Defendant's facilities as described and will be denied the ability to fully use Defendant's facilities.

6.     Plaintiffs advocate for the rights of similarly situated disabled persons for purposes of asserting their civil rights as well as for purposes of monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

7.     Therefore, on behalf of a class of similarly situated individuals, Plaintiffs seek a declaration that Defendant's facilities violate federal law as described and an injunction requiring Defendant to remove the identified access barriers so that Defendant's facilities are fully accessible to, and independently usable by individuals with mobility disabilities, as required by the ADA. Plaintiffs further request that, given Defendant's historical failure to comply with the ADA's mandate, over a period of many years, the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant is brought into compliance with the relevant requirements of the ADA and to ensure that Defendant has revised its company-wide policies, practices and procedures that are presently ineffective at curbing

noncompliance with the ADA at its locations.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

8.      Congress enacted the ADA over thirty years ago and in so doing clearly stated its intention to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

9.      The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.  This lawsuit focuses on Defendant's systemic willful failure to maintain the accessible elements of its places of public accommodation in compliance with the ADA.

10.     Title III of the ADA generally prohibits discrimination against individuals with disabilities in the full and equal enjoyment of public accommodations, 42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly, or through contractual, licensing, or other arrangements, from denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

11.     A unanimous Supreme Court upheld the constitutionality of the public

accommodations provisions of the Civil Rights Act of 1964 in *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241 (1964). The Supreme Court agreed that Congress possessed the authority to outlaw discrimination in public accommodations on the basis of race. *Id.* at 261-62. Congress acted again to outlaw discrimination in public accommodations—this time on the basis of disability. 42 U.S.C. § 12182(b)(1)(D).

12.     Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of [accommodations] by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Congress made no distinction whether the owner was a natural person, a partnership, a corporation, or any other type of structure allowed under the law. Congress outlawed discrimination on the basis of disability.

13.     The ADA expressly contemplates loss of opportunity as an actionable injury. Congress included within the Act the stated goal of assuring "equality of opportunity" to disabled persons. 42 U.S.C. § 12101(a). The ADA provides a cause of action to "any person who is being subjected to discrimination" and expressly states that "it shall be discriminatory to subject an individual or class of individuals on the basis of disability … *to a denial of the opportunity* of the individual *or class* to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(a), (b) (emphasis added). A disabled plaintiff is denied the opportunity to participate in or benefit from the goods

and services, which is among the ADA's general prohibitions, in a number of ways, including a defendant's "failure to remove architectural barriers," which is among the specific prohibitions listed in § 12182(b). Thus, the disabled plaintiff suffers an ongoing injury so long as he or she is effectively denied the opportunity to participate in or benefit from the goods, services, facilities, advantages, or accommodations of the entity.

## JURISDICTION AND VENUE

14.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42U.S.C. § 12188.

15.     Plaintiffs' claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

16.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.  Plaintiff Lujano resides in this judicial district.

## PARTIES

### Plaintiffs

17.     Weldon is an Alabama resident who qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*. Weldon utilizes a wheelchair for mobility and has limited dexterity in his extremities due to a severe

6

spinal injury he incurred at the age of 16 which resulted in permanent paraplegia. Weldon's disability has caused him to be limited in the major life activity of walking. Weldon brings this action on behalf of himself and a class of persons who are also mobility impaired.

18.     Lujano is an Alabama resident who qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*. Lujano utilizes a wheelchair for mobility and has limited dexterity in his extremities due to an illness he suffered as a teenager.  Lujano's disability has caused him to be limited in the major life activity of walking. Lujano brings this action on behalf of himself and a class of persons who are also mobility impaired.

19.     Weldon and Lujano, acting as the Class Representatives, are advocates for the rights of similarly situated mobility impaired individuals for asserting their civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA and provide safe and equal access to people in wheelchairs.

20.     Because of their disabilities, Class Representative Plaintiffs are a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101, *et seq*.

**Defendant**

21.      Defendant Schuster Enterprises, Inc. is a Georgia corporation with its corporate headquarters located at 3530 Macon Road, Columbus, GA 31907.

22.      Upon information and belief, Schuster Enterprises, Inc. owns, leases, operates, maintains, and/or manages "Burger King" brand fast food restaurants and is responsible for the design, construction, and/or alteration, as well as the policies, practices, and procedures at the subject properties, including the discriminatory architectural barriers, policies, practices, and procedures as alleged in this Complaint.

## STATEMENT OF FACTS

**Defendant's Corporate Structure and Operations**

23.      Defendant's fast food restaurants are public accommodations pursuant to 42 U.S.C. § 12181(7)(F).

24.       Defendant owns, operates, controls and/or leases places of public accommodation.

25.      Defendant's facilities are not fully accessible to, and independently usable by individuals who use wheelchairs or otherwise have mobility impairments.

26.      Defendant operates over eighty (80) "Burger King" brand fast food restaurants across Alabama and Georgia.

27.      On information and belief, Defendant maintains control over all decisions regarding the specifications, purchase, installation, construction, renovation,

maintenance, and repair of fixtures, furnishings, and other accessible elements inside and outside its locations including, but not limited to, self-service beverage machine counters, sales counters, self-serve drink dispensers, self-service shelves and dispensing devices for tableware, dishware, condiments, and food items.

## Defendant's Services are Inaccessible for the Mobility Impaired

28.     There are approximately 34.2 million people in the United States that have mobility related disabilities which require assistive devices such as wheelchairs, scooters and/or walkers.[1] A snapshot of the 2 states wherein the Defendant operates shows there are over 725,000 people in the State of Alabama that have mobility related disabilities which require assistive devices such as wheelchairs, scooters, and/or walkers and there are over 1.1 million people in the State of Georgia that have mobility related disabilities which require assistive devices such as wheelchairs, scooters, and/or walkers.[2]

29.     As previously noted, Defendant controls over 80 Burger King brand restaurants located across Alabama and Georgia.  Hence, some portion of the over 1.8 million residents across Alabama and Georgia which have mobility related disabilities that require assistive devices such as wheelchairs, scooters and/or walkers, encounter

---

[1]   Centers for Disease Control and Prevention, National Center on Birth Defects and Developmental Disabilities, Division of Human Development and Disability. Disability and Health Data System (DHDS) Data [online]. [accessed Jun 27, 2018]. URL: https://dhds.cdc.gov
[2] Centers for Disease Control and Prevention, National Center on Birth Defects and Developmental Disabilities, Division of Human Development and Disability. Disability and Health Data System (DHDS) Data [online]. [accessed Aug 8, 2018]. URL: https://dhds.cdc.gov

discrimination at Defendant's locations on a regular basis.

30.     Defendant has systematically and willfully, intentionally, or negligently discriminated against individuals with mobility disabilities by implementing and maintaining consistently inadequate corporate policies and company-wide practices that result in routine violation of the ADA's accessibility guidelines and consistently produce access barriers at Defendant's facilities across Alabama and Georgia. The resulting discrimination suffered by the plaintiffs at the hands of the defendant is not unique to the individually named plaintiffs but is shared by all similarly situated disabled individuals and members of the putative Class.

31.     On information and belief, Defendant has direct knowledge of its duty to comply with the ADA's accessibility guidelines yet intentionally refuses to do so. The intentional noncompliance by Defendant amounts to an unofficial policy of discrimination—a common issue weighing in favor of class certification. Defendant has willfully maintained violations of the ADA's accessibility guidelines despite its knowing obligation to cure same and in so doing has perpetuated the existence and occurrence of discriminatory barriers to safe and equal access affecting Plaintiffs and all similarly situated disabled persons including members of the putative class.

32.     Defendant's continued practice of intentional noncompliance amounts to an unofficial policy of discrimination responsible for the barriers to equal access common to the Schuster Enterprises, Inc. locations encountered by Plaintiffs as set

forth herein. Defendant's company-wide *de facto* policy of discrimination has caused architectural barriers to equal access common to its properties across Alabama and Georgia. In fact, numerous properties owned, operated, leased, managed and/or controlled by Defendant have common exterior and interior elements that are inaccessible to individuals who rely on wheelchairs for mobility, or are otherwise mobility impaired. These inaccessible elements have persisted for years as a result of Defendants' continued company-wide practice of intentional noncompliance and *de facto* policy of discrimination.

33.     Unless Defendant is required to remove the numerous access barriers described herein, and required to change its discriminatory policies and practices so that the access barriers do not reoccur at Defendant's Burger King restaurant properties, Plaintiff and the proposed Class will continue to be denied full and equal access to those facilities as described, and will be deterred from fully using Defendant's facilities across Alabama and Georgia.

34.     Plaintiff Weldon has visited four (4) of Defendant's facilities prior to the filing this class action complaint and on several occasions but was denied full, safe, and equal access to, and full and equal enjoyment of, said facilities as a result of Defendant's discriminatory barriers existing within and about Schuster Enterprises, Inc.'s Burger King restaurant property locations. The access barriers present at Defendant's facilities make it impossible for a wheelchair user to fully and

independently experience Schuster Enterprises, Inc.'s facilities in a manner that equals the experience provided to Schuster Enterprises, Inc.'s able bodied customers.

35.     Plaintiff Lujano has visited at least one of Defendant's facilities prior to the filing this class action complaint and was denied full, safe, and equal access to, and full and equal enjoyment of, said facilitie as a result of Defendant's discriminatory barriers existing within and about Schuster Enterprises, Inc.'s Burger King restaurant property locations. The access barriers present at Defendant's facilities make it impossible for a wheelchair user to fully and independently experience Schuster Enterprises, Inc.'s facilities in a manner that equals the experience provided to Schuster Enterprises, Inc.'s able bodied customers.

36.     The facilities owned, operated and/or controlled by Defendant not only have interior violations which directly affect wheelchair users' accessibility, they have exterior violations which make it impossible for the safe, independent and equal entry to the store for people who rely on wheelchairs for mobility, or are otherwise mobility impaired.

37.     Defendant is required to remove existing architectural barriers when such removal is readily achievable for its places of public accommodation that existed prior to January 26, 1992, 28 CFR 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv); in the alternative, if there has been an alteration to Defendant's places of public accommodation since January 26, 1992, the Defendant is required to ensure to the

maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals with mobility impairments and/or individuals who use wheelchairs or other assistive devices, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

38.     Because Defendant's restaurants are constructed, altered, repaired, operated, controlled and/or uniformly maintained by Defendants with respect to the interior and exterior elements in ways that violate the ADA, Plaintiffs seek to certify a class action pursuant to Fed. R. Civ. P. 23

**Experience of Named Plaintiffs**

39.     Plaintiff Weldon has visited the facilities owned, operated, and/or controlled by Defendant located at 202 W. Ft. Williams Rd, Sylacauga, AL; 33944 US Highway 280, Childersburg, AL; 4250 US Highway 280, Alexander City, AL; and 1400 Columbus Parkway, Opelika, AL within the last two years, where he experienced unnecessary difficulty and risk in the exterior and interior facilities of the property because of barriers which prevented and continue to prevent safe and equal access to goods and services for people in wheelchairs and/or with mobility impairment, which constitute discriminatory ADA accessibility violations at Defendant's properties as set

forth in more detail below.

40.     Plaintiff Lujano has visited the facility owned, operated, and/or controlled by Defendant located at Burger King #5980 1407 Parkhill Pkwy, Pell City, AL 35125, where he experienced unnecessary difficulty and risk in the exterior and interior of the facility of the property because of barriers which prevented and continue to prevent safe and equal access to goods and services for people in wheelchairs and/or with mobility impairment, which constitute discriminatory ADA accessibility violations at Defendant's properties as set forth in more detail below.

**Barriers Existing at Some of Defendant's Locations**

41.     On behalf of Plaintiffs, their representative(s) visited approximately sixty ("60") of the Burger King restaurant locations owned by Defendant across Alabama and Georgia and examined and found common ADA violations that included:

> The accessible parking is not located on the shortest accessible route to the accessible entrance;

> The parking surface of one or more of the designated accessible parking spaces is not level as defined by the ADA and has persistent and/or variable slopes within the space that exceed the ADAAG maximum slope allowance (2.083%) for level surfaces;

> The surface of one or more of the access aisles serving the designated accessible parking spaces is not level as defined by the ADA and has persistent and/or variable slopes within the aisle that exceed the ADAAG maximum slope allowance (2.083%) for level surfaces.

> The ramp from the parking facility to the accessible entrance route has, by design, changes in direction within the ramp run resulting in compound cross slopes.

The accessible entrance door(s) closes too quickly (in less than 5 seconds from an open position of 90 degrees to a position of 12 degrees from the latch) prohibiting equal access to wheelchair users.

The self-service fountain drink lid dispenser is installed or otherwise positioned so that one or more size variations of the fountain drink lids are beyond the ADAAG maximum reach range allowances for equal access to wheelchair users.

The self-service coffee condiment dispenser is installed or otherwise positioned so that the coffee condiments are beyond the ADAAG maximum reach range allowances for equal access to wheelchair users.

The self-service coffee condiment dispenser is installed on a counter surface that is too high (over 34 inches) for equal access to wheelchair users.

The self-service ketchup dispenser is installed or otherwise positioned so that the operable parts exceed the ADAAG maximum reach range requirements (obstructed high side reach) for equal access to wheelchair users.

The self-service ketchup dispenser is installed on a counter surface that is too high (over 34 inches) for equal access to wheelchair users.

The self-service napkin dispenser is installed or otherwise positioned so that the napkins are beyond the ADAAG maximum reach range allowances for equal access to wheelchair users.

The self-service napkin dispenser is installed on a counter surface that is too high (over 34 inches) for equal access to wheelchair users.

The entry door to one or both accessible restrooms (men's and women's) closes too quickly (in less than 5 seconds from an open position of 90 degrees to a position of 12 degrees from the latch) prohibiting equal access to wheelchair users.

The entry door to one or both accessible restrooms (men's and women's) requires excessive force (more than 5 foot pounds-force) to

open.

42.    Attached hereto as Exhibit "A," is a KEY identifying the above referenced violations at Defendant's various locations.  Set forth below is a list of Defendant's locations with violations identified in the KEY at each specific identified location.

**Alabama Locations**

a) Burger King #5980
     1407 Parkhill Pkwy, Pell City, AL 35125

   i.      P1
   ii.     P2
   iii.    The accessible route from the ramp to the accessible entrance has an excessive cross slope (over 2.083%).
   iv.    CR1
   v.     L1
   vi.    K1
   vii.   R1
   viii.  The accessible toilet in one or both accessible restrooms (men's and women's) is mounted too far from the side wall.

b) Burger King #3012
     1001 Hwy 21 South, Oxford, AL 36203

   i.      P1
   ii.     P2
   iii.    CR1
   iv.    C1
   v.     C2
   vi.    K1
   vii.   K2

c) Burger King #25319
     1351 Golden Springs Road, Anniston, AL 36207

      i.      The touch screen self-service beverage dispenser has an interface with preloaded interactive touch screen beverage flavor selection controls that are beyond the ADAAG maximum reach range allowances (obstructed high side reach) for equal access to wheelchair users and no existing preloaded accessible alternative controls feature.

      ii.     C1

      iii.    R1

d) Burger King #1260

    1818 Quintard Ave, Anniston, AL 36201

      i.      P1

      ii.     P2

      iii.    P3

      iv.    E1

      v.     L1

      vi.    K1

      vii.   K2

      viii.  The self-service salt/pepper packet dispensers and the ketchup portion cup dispenser are installed or otherwise positioned so that these items are beyond the ADAAG maximum reach range allowances for equal access to wheelchair users.

      ix.    The self-service salt/pepper packet dispensers and the ketchup portion cup dispenser are installed on a counter surface that is too high (over 34 inches) for equal access to wheelchair users.

      x.     R1

e) Burger King #2724

    318 E. Battle, Talladega, AL 35160

      i.      There is no upright signage identifying the designated accessible parking space(s).

      ii.     P1

      iii.    P2

      iv.    The surface of the access aisle serving the designated accessible parking spaces is not level as defined by the ADA and has persistent and/or variable slopes within the aisle that exceed the ADAAG maximum slope allowance (2.083%) for level surfaces.

      v.      CR1
      vi.    The accessible route from the ramp to the accessible entrance has an excessive cross slope (over 2.083%).
      vii.   L1
      viii.  C1
      ix.    K2
      x.     R1

f) Burger King #15094
202 W. Ft. Williams Rd, Sylacauga, AL 35150

      i.     P1
      ii.    P2
      iii.   CR1
      iv.   K2
      v.     K1
      vi.    N2
      vii.   The self-service salt/pepper packet dispensers and the ketchup portion cup dispenser are installed or otherwise positioned so that these items are beyond the ADAAG maximum reach range allowances for equal access to wheelchair users.
      viii.  The self-service salt/pepper packet dispensers and the ketchup portion cup dispenser are installed on a counter surface that is too high (over 34 inches) for equal access to wheelchair users.
      ix.    R1

g) Burger King #12124
33944 US Hwy 280, Childersburg, AL 35044

      i.     There is no upright signage identifying one or more of the designated accessible parking spaces.
      ii.    P1
      iii.   P2
      iv.   P3
      v.     The accessible route from the ramp to the accessible entrance has an excessive cross slope (over 2.083%).
      vi.    E1
      vii.   L1

    viii.    The self-service salt/pepper packet dispensers and the ketchup portion cup dispenser are installed on a counter surface that is too high (over 34 inches) for equal access to wheelchair users.

    ix.    The self-service drinking straw dispenser is installed on a counter surface that is too high (over 34 inches) for equal access to wheelchair users.

    x.    The self-service coffee lid dispenser and the coffee stirrer dispenser are installed on a counter surface that is too high (over 34 inches) for equal access to wheelchair users.

    xi.    C2

    xii.    K1

    xiii.    K2

    xiv.    The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.

    xv.    R1

    xvi.    R2

h) Burger King #5691

    4250 US Hwy 280, Alexander City, AL 35010

    i.    P2

    ii.    P3

    iii.    The vertical rise of the accessible entrance ramp run exceeds 6 inches and there are no handrails present.

    iv.    CR1

    v.    R1

    vi.    R2

i) Burger King #15169

    1740 S College St, Auburn, AL 36832

    i.    P2

    ii.    P3

    iii.    K1

    iv.    K2

    v.    N1

      vi.     C2

      vii.    R1

      viii.   R2

j) Burger King #13007

    1400 Columbus Parkway, Opelika, AL 36804

      i.      P1

      ii.     P2

      iii.    P3

      iv.    The ramp from the parking facility to the accessible entrance has a run with a cross slope (over 2.083%).

      v.     E1

      vi.    The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.

      vii.    R1

k) Burger King #1457

    415 2nd Ave, Opelika, AL 36801

      i.      P1

      ii.     P2

      iii.    P3

      iv.    CR1

      v.     The bottom landing of the ramp from the parking facility to the accessible entrance route is not level (over 2.083%).

      vi.    R2

l) Burger King #10948

    1820 Stadium Dr, Phenix City, AL 36867

      i.      P1

      ii.     P2

      iii.    P3

      iv.    L1

      v.     K1

vi.     K2

vii.    The self-service salt/pepper packet dispensers and the ketchup portion cup dispenser are installed on a counter surface that is too high (over 34 inches) for equal access to wheelchair users.

viii.   C1

ix.    C2

x.     R1

m) Burger King #3055
    1135 Hwy 280 Bypass, Phenix City, AL 36867

i.      E1

ii.     R1

iii.    R2

n) Burger King #7164
    3194 Hwy 431, Roanoke, AL 36274

i.      P2

ii.     P3

iii.    The ramp from the parking facility to the accessible entrance has a running slope that is too steep (over 8.33%) for wheelchair users.

iv.    The vertical rise of the accessible entrance ramp run exceeds 6 inches and there are no handrails present.

v.     R2

o) Burger King #19956
    2910 20th Ave, Valley, AL 36854

i.      P1

ii.     P2

iii.    P3

iv.    The ramp from the parking facility to the accessible entrance has a running slope that is too steep (over 8.33%) for wheelchair users.

v.     The vertical rise of the accessible entrance ramp run exceeds 6 inches and there are no handrails present.

vi.    E1

vii.   L1

        viii.   K1
         ix.   K2

p) Burger King #6903
   2127 7th St S, Clanton, AL 35045

        i.   P1
        ii.   P2
        iii.   P3
        iv.   R1
        v.   R2
        vi.   The accessible toilet in one or both accessible restrooms (men's and women's) is mounted too far from the side wall.

q) Burger King #21413
   650 Malwest Dr, Prattville, AL 36066

        i.   P2

r) Burger King #26850
   813 S Eufaula Ave, Eufaula, AL 36027

        i.   E1
        ii.   R1
        iii.   R2

## Defendant's Georgia Locations

s) Burger King #1325
   1218 Veterans Pkwy, Columbus, GA 31901

        i.   P2
        ii.   P3
        iii.   E1

t) Burger King #3320
   2033 Wynnton Rd, Columbus, GA 31906

      i.       The ramp from the parking facility to the accessible entrance has a running slope that is too steep (over 8.33%) for wheelchair users.

      ii.      The vertical rise of the accessible entrance ramp run exceeds 6 inches and there are no handrails present.

      iii.     E1

      iv.     R1

      v.      R2

      vi.     The exterior paved dining area has no accessible seating available for wheelchair users.

u) Burger King #16257

   3715 Victory Dr, Columbus, GA 31903

      i.       P1

      ii.      P2

      iii.     P3

      iv.     CR1

      v.      E1

      vi.     C1

      vii.    C2

      viii.   K1

      ix.     K2

      x.      N1 (plural-has 2 napkin dispensers)

      xi.     N2 (plural-has 2 napkin dispensers)

      xii.    R1

      xiii.   R2

v) Burger King #362

   3520 Macon Rd, Columbus, GA 31907

   CLOSED FOR RENOVATION WHEN INSPECTED

w) Burger King #7328

   4126 Buena Vista Rd, Columbus, GA 31907

      i.       P1

      ii.      P2

      iii.     P3

iv.   The pavement surface of one or more of the accessible parking access aisles is not stable, firm and/or slip resistant due to unmaintained cracked and/or crumbling asphalt.

v.   E1

vi.   L1

vii.   C1

viii.   C2

ix.   K1

x.   K2

xi.   R1

x)  Burger King #12465
      3101 Gentian Blvd, Columbus, GA 31907

i.   E1

ii.   R1

y)  Burger King #6446
      5901 Miller Rd, Columbus, GA 31907

i.   P1

ii.   P2

iii.   P3

iv.   The accessible route from the ramp to the accessible entrance has an excessive cross slope (over 2.083%).

v.   L1

vi.   R1

vii.   R2

z)  Burger King #9703
      7310 Veterans Pkwy, Columbus, GA 31909

i.   E1

ii.   The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.

    iii.    The ground surface of the outside playground picnic table dining areas consists of an inaccessible material and is not stable or firm, prohibiting access to this dining area for wheelchair users.

aa) Burger King #23238

    1514 Bradley Park Dr, Columbus, GA 31904

    i.    E1
    ii.    The touch screen self-service beverage dispensers have an interface with preloaded interactive touch screen beverage flavor selection controls that are beyond the ADAAG maximum reach range allowances (obstructed high side reach) for equal access to wheelchair users and no existing preloaded accessible alternative controls feature.
    iii.    R2

bb) Burger King #536

    4312 Veterans Pkwy, Columbus, GA 31904

    i.    P1
    ii.    P2
    iii.    P3
    iv.    The ramp from the parking facility to the accessible entrance has a running slope that is too steep (over 8.33%) for wheelchair users.
    v.    CR1
    vi.    E1
    vii.    The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.
    viii.    R1
    ix.    There is no wheelchair accessible toilet stall in the accessible restrooms (there is only an ambulatory accessible stall).

cc) Burger King #9411

    415 Bullsboro Dr, Newnan, GA 30263

    i.    E1
    ii.    L1

     iii.      The self-service beverage straw dispenser is installed or otherwise positioned so that the straws are beyond the ADAAG maximum reach range allowances for equal access to wheelchair users.

     iv.      R1

     v.      R2

dd) Burger King #5220

     179 N. Lee St, Forsyth, GA 31029

     i.      P2

     ii.      P3

     iii.      CR1

     iv.      R1

     v.      R2

ee) Burger King #24433

     5541 Bowman Rd, Macon, GA 31210

     i.      E1

     ii.      The touch screen self-service beverage dispensers have an interface with preloaded interactive touch screen beverage flavor selection controls that are beyond the ADAAG maximum reach range allowances (obstructed high side reach) for equal access to wheelchair users and no existing preloaded accessible alternative controls feature.

     iii.      R1

     iv.      R2

ff) Burger King #6382

     3820 Riverside Dr, Macon, GA 31210

     i.      P2

     ii.      P3

     iii.      The vertical rise of the accessible entrance ramp run exceeds 6 inches and there are no handrails present.

     iv.      E1

     v.      C1

     vi.      C2

     vii.      K1

viii.  K2
ix.  N1
x.  N2
xi.  R1
xii.  R2

gg) Burger King #8469
    853 Riverside Dr II, Macon, GA 31201

    i.  There is no upright signage identifying one or more of the designated accessible parking spaces.
    ii.  P2
    iii.  P3
    iv.  R1
    v.  R2

hh)    Burger King #2028
    1188 Gray Hwy, Macon, GA 31211

    i.  P1
    ii.  P2
    iii.  P3
    iv.  The accessible route from the ramp to the accessible entrance has an excessive cross slope (over 2.083%).
    v.  The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.

ii) Burger King #6535
    4459 Forsyth Rd, Macon, GA 31210

    i.  P1
    ii.  P2
    iii.  P3
    iv.  E1
    v.  R1

jj) Burger King #5542
   4964 Romeiser Dr, Macon, GA 31206

   i.     P2
   ii.    P3
   iii.   E1
   iv.    L1
   v.     K1
   vi.    K2
   vii.   R1
   viii.  R2

kk)      Burger King #2370
   3773 Bloomfield Rd, Macon, GA 31206

   i.     P2
   ii.    P3
   iii.   The parking surface of one or more of the accessible parking spaces is
          not stable, firm and/or slip resistant due to unmaintained cracked and/or
          crumbling asphalt.
   iv.    E1
   v.     The ground surface of the outside playground use zone consists of an
          inaccessible material and no accessible routes within the playground use
          zone are provided from the perimeter of the playground to all accessible
          play structures and/or components within the playground.
   vi.    R1
   vii.   R2

ll) Burger King #334
   3025 Pio Nono Ave, Macon, GA 31206

   i.     P1
   ii.    P2
   iii.   P3
   iv.    The bottom landing of the ramp from the parking facility to the
          accessible entrance route is not level (over 2.083%).
   v.     The accessible route from the ramp to the accessible entrance has an
          excessive cross slope (over 2.083%).

vi.    N1

vii.   N2

viii.   There is no wheelchair accessible toilet stall in the accessible restrooms (there is only an ambulatory accessible stall).

ix.   The ambulatory accessible toilet stall in the accessible restrooms has a stall door that closes too quickly (in less than 5 seconds from an open position of 90 degrees to a position of 12 degrees from the latch) prohibiting equal access to wheelchair users.

mm)    Burger King #11613
    313 GA Hwy 49 N, Byron, GA 31008

i.    E1

ii.    The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.

iii.   The ground surface of the outside playground picnic table dining areas consists of an inaccessible material and is not stable or firm, prohibiting access to this dining area for wheelchair users.

iv.   There is no wheelchair accessible seating in the paved outside dining area.

v.    R1

vi.    R2

nn)    Burger King #1600
    2010 Watson Blvd, Warner Robins, GA 31093

i.    P1

ii.    P2

iii.   P3

iv.   The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.

v.    R1

vi.    R2

    vii.    The accessible toilet in one or both accessible restrooms (men's and women's) is mounted too far from the side wall.

oo)    Burger King #8617
    201 Russell Pkwy, Warner Robins, GA 31088

    i.    E1
    ii.    The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.
    iii.    R1

pp)    Burger King #15731
    851 Warren Dr, Warner Robins, GA 31088

    i.    P1
    ii.    P2
    iii.    P3
    iv.    R1
    v.    R2

qq)    Burger King #10559
    302 Commercial Heights, Fort Valley, GA 31030

    i.    E1
    ii.    The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.
    iii.    The ground surface of the outside playground picnic table dining areas consists of an inaccessible material and is not stable or firm, prohibiting access to this dining area for wheelchair users.
    iv.    There is no wheelchair accessible seating in the outside paved dining area.
    v.    R1

rr)    Burger King #14800

584 GA Hwy 61, Villa Rica, GA 30180

   i.    P1
   ii.   P2
   iii.  P3
   iv.  CR1
   v.    The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.
   vi.  There is no wheelchair accessible seating in the outside dining area.
   vii.  R1

ss) Burger King #5482

3261 GA Hwy 5, Douglasville, GA 30135

   i.    P1
   ii.   P2
   iii.  P3
   iv.  CR1
   v.    E1
   vi.  K1
   vii.  K2
   viii. R1
   ix.  There is no wheelchair accessible toilet stall in the accessible restrooms (there are only ambulatory accessible stalls).
   x.    The ambulatory accessible toilet stalls in the accessible restrooms have stall doors that close too quickly (in less than 5 seconds from an open position of 90 degrees to a position of 12 degrees from the latch), prohibiting equal access to wheelchair users.

tt) Burger King #11533

1703 Roanoke Rd, LaGrange, GA 30240

   i.    E1
   ii.   The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use

zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.

    iii.    There is no wheelchair accessible seating in the outside paved dining area.

    iv.    R1

uu)    Burger King #13227
    801 New Franklin Rd, LaGrange, GA 30240

    i.    P1
    ii.    P2
    iii.    P3
    iv.    L1
    v.    C1
    vi.    C2
    vii.    K1
    viii.    K2
    ix.    R2

vv)    Burger King #10946
    1528 Lafayette Pkwy, LaGrange, GA 30241

    i.    E1
    ii.    C1
    iii.    C2
    iv.    K2
    v.    The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.
    vi.    The ground surface of the outside playground picnic table dining areas consists of an inaccessible material and is not stable or firm, prohibiting access to this dining area for wheelchair users.
    vii.    R1

ww)    Burger King #22973
    2814 Hwy 34 East, Newnan, GA 30265

      i.        E1
     ii.       R1
    iii.      R2

xx)      **Burger King #2458**
     700 Bankhead Hwy, Carrollton, GA 30117

      i.       One or more of the designated accessible parking spaces has no access aisle.
     ii.      P2
    iii.     P3
    iv.     The ramp has flared sides that are too steep.
      v.      E1
    vi.     The built-in order queue line is too narrow for equal access to wheelchair users.
   vii.    R1

yy)      **Burger King #12560**
     906 S Park St, Carrollton, GA 30117

      i.       P2
     ii.      P3
    iii.     E1
    iv.     K1
      v.      K2
    vi.     The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.
   vii.    R1

zz) **Burger King #9531**
     2805 N Slappey Blvd, Albany, GA 31701

      i.       E1
     ii.      The touch screen self-service beverage dispensers have an interface with preloaded interactive touch screen beverage flavor selection controls that are beyond the ADAAG maximum reach range allowances

(obstructed high side reach) for equal access to wheelchair users and no existing preloaded accessible alternative controls feature.

    iii.    R1

aaa) Burger King #6492
    1501 Radium Springs Rd, Albany, GA 31705

    i.    One or more of the designated accessible parking spaces has no access aisle.

    ii.    P1

    iii.    CR1

    iv.    The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.

    v.    R1

bbb) Burger King #5061
    404 W Oglethorpe Blvd, Albany, GA 31701

    i.    P1

    ii.    P2

    iii.    P3

    iv.    CR1

    v.    E1

    vi.    R2

    vii.    The accessible toilet in one or both accessible restrooms (men's and women's) is mounted too far from the side wall.

ccc) Burger King #1126
    802 S Slappey Blvd, Albany, GA 31701

    i.    P1

    ii.    P2

    iii.    P3

    iv.    The ground surface of the outside playground use zone consists of an inaccessible material and no accessible routes within the playground use

zone are provided from the perimeter of the playground to all accessible play structures and/or components within the playground.

    v.     R1

    vi.    R2

    vii.   The accessible toilet stall in the accessible restrooms has a stall door that closes too quickly (in less than 5 seconds from an open position of 90 degrees to a position of 12 degrees from the latch), prohibiting equal access to wheelchair users.

ddd)  Burger King #1447
       2411 Dawson Rd, Albany, GA 31707

    i.     P2

    ii.    P3

    iii.   R2

    iv.   The accessible toilet in one or both accessible restrooms (men's and women's) is mounted too far from the side wall.

    v.    The toilet paper dispenser is too far from the toilet for equal access to wheelchair users.

    43.    As of the filing of this First Amended Complaint, on information and belief, the discriminatory barriers as set forth herein continue to remain in place at Defendant's facilities, the Class Representative Plaintiffs remain disabled, are "able and ready" and specifically intend to visit the Defendant's facilities once the Defendant is required to make them compliant. However, if the Class Representative Plaintiffs do return to the Defendant's Burger King Locations before the facilities are made compliant, the same discrimination will reoccur until the facilities are made compliant. Thus, because of the ongoing nature of the Defendant's discrimination, the Class Representative Plaintiffs may be deterred from visiting Defendant's Burger King Locations and are currently unable to enjoy the same goods and services

available to able bodied individuals that visit Defendant's locations.  Notwithstanding

the ongoing discrimination, Plaintiffs may in fact continue to visit additional Burger

King locations of Defendant.

## CLASS ACTION ALLEGATIONS

44.     Defendant has discriminated against, and continues to discriminate

against customers with mobility disabilities, as more fully set forth in this Complaint.

45.     The named Plaintiffs encountered some of the accessibility barriers

described in this class action complaint at Defendant's Burger King Restaurant

locations because they use wheelchairs.  On information and belief, class members

have also experienced the same barriers to full and equal access that Plaintiffs have

experienced, and such barriers have existed and continue to exist at Defendant's

Burger King restaurant locations across Alabama and Georgia.

46.     Plaintiffs and Class members have been injured by Defendant's failure

to comply with the ADA.

47.     Plaintiffs Weldon and Lujano bring this class action pursuant to Fed. R.

Civ. P. 23 of the Federal Rules of Civil Procedure on their own behalf and on behalf

of the following class of persons:

> All persons with mobility disabilities who use wheelchairs or are
> otherwise disabled due to mobility-related issues, who were denied the
> full and equal enjoyment of the goods, services, facilities, privileges,
> advantages, or accommodations of any Schuster Enterprises, Inc.
> Burger King restaurant location in Alabama and Georgia on the basis
> of disability because of the presence of inaccessible parking,

inaccessible exterior accessible routes, inaccessible entrances/exits, inaccessible restroom entrances, and inaccessible self-service condiment counters and dispensing devices, among other barriers.

48.     Excluded from the class are the Defendant Schuster Enterprises, Inc., any person, firm, trust, corporation or other entity affiliated with the Defendant, and members of the federal judiciary.

49.     Pursuant to Fed. R. Civ. P. 23(a)(1) the members of the Class, or any applicable subclasses, are so numerous and geographically dispersed that joinder of all members is impracticable.   As noted above, there are approximately two million individuals in Alabama and Georgia that have mobility related disabilities.   It is foreseeable that many of them will attempt to visit Defendant's locations and encounter barriers.

50.     Moreover, it is foreseeable that mobility impaired individuals who reside in other states might stop at one of Defendant's locations while travelling by motor vehicle through Alabama and Georgia, as many of its locations are situated on major highways.

51.     Additionally, some people have upper extremity impairments that make pinching, tight grasping, or twisting of the wrist extremely difficult if not impossible. As such, the class identified is believed to consist of hundreds if not thousands of members, and joinder of all such class members in this lawsuit is impracticable. Courts frequently use census data and common sense to determine that the numerosity

requirement has been satisfied. See *Gray v. Golden Gate Nat'l Recreational Area*, 279 F.R.D. 501, 508 (N.D. Cal. 2011) (using U.S. Census data to infer that thousands of persons with mobility and/or vision disabilities visit defendant's park each year).

52.     Pursuant to Fed. R. Civ. P. 23(a)(2) common questions of fact and law exist as to all members of the Class and any applicable subclasses.  These common questions include but are not limited to, whether: Defendant violated Title III of the ADA with regard to the accessible parking, accessible routes, accessible entrances/exits, accessible restroom entrances, self-service counters, and/or dispensing devices for tableware, dishware, condiments, straws, and/or napkins and their failure to provide an accessible route connecting accessible elements.  All of the foregoing questions are common to the Class or any applicable subclasses(s).

53.     The claims of the Proposed Class Representatives are typical of the claims of the Class and/or any subclass. The individual Plaintiffs, like all other members of the Class and/or subclasses, have mobility impairment issues and assert that Defendant has violated the ADA by designing and/or controlling the discriminatory specifications, installation, construction, renovation, maintenance, and/or repair of all required accessible elements, accessible routes, paths of travel, fixtures, furnishings, and other accessible elements inside and outside the store resulting in inaccessible parking facilities, paths of travel, accessible routes, self-service counters shelves and dispensing devices for tableware, dishware, condiments,

straws and napkins.

54.     The Proposed Class Representatives will fairly and adequately protect the interests of the Class and any applicable subclasses.  Plaintiffs have no interests that are antagonistic to absent Class members or members of any applicable subclass. Plaintiffs have retained counsel with extensive experience in litigation brought both under the ADA as well as with class action litigation.

55.     The Proposed Class Representatives and retained counsel are aware of their fiduciary responsibilities to the Class and any subclasses and are determined to diligently discharge those duties.

56.     This action may be maintained pursuant to Rule 23(b)(2), because Defendant's actions in designing and/or controlling the discriminatory specifications, installation, construction, renovation, maintenance, and/or repair of all required accessible elements, accessible routes, paths of travel, fixtures, furnishings, and other accessible elements inside and outside the store resulting in inaccessible parking facilities, paths of travel, accessible routes, self-service counters, and dispensing devices for tableware, dishware, condiments, straws, and napkins at its Burger King locations are actions that apply generally to the Class and any applicable subclass. Accordingly, injunctive and declaratory relief are appropriate for the Class as a whole.

57.     To the extent necessary, the Court may make use of subclasses to group or categorize the Burger King locations regarding common violations as outlined

above.

## <u>SUBSTANTIVE VIOLATION</u>

58.    The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs or who have mobility impairments, and/or that Defendant's facilities were not maintained so as to ensure that they remained accessible to and usable by individuals who use wheelchairs or have mobility impairments.

59.    Furthermore, the architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

60.    Defendant's repeated and systemic failures to design, construct and alter facilities so that they are readily accessible and usable, to remove architectural barriers, and to alter their policies, practices and procedures constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

61.    Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

62.    Defendant is required to provide individuals who use wheelchairs or otherwise have qualified mobility disabilities full and equal enjoyment of its facilities.

42 U.S.C. § 12182(a).

63.     Defendants have failed, and continue to fail, to provide individuals who use wheelchairs or otherwise have qualified mobility disabilities with full and equal enjoyment of its facilities.

64.     Defendant has discriminated against Plaintiffs and the Class in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs or otherwise have qualified mobility disabilities, in violation of 42 U.S.C. § 12182(a) as described above.

65.     Defendant's conduct is ongoing and continuous, and Plaintiffs have been harmed by Defendant's conduct.

66.     Unless Defendant is restrained from continuing its ongoing and continuous course of conduct, Defendant will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the Class.

67.     Given that Defendant has not complied with the ADA's requirements to make Defendant's facilities fully accessible to, and independently usable by, individuals who use wheelchairs or otherwise have qualified mobility disabilities, Plaintiff seeks declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated pray for:

a.	A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs or otherwise have qualified mobility disabilities;

b.	A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.501(b) which directs Defendant to: (i) take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs and otherwise have qualified mobility disabilities; (ii) that Defendant change its policies and practices to prevent the reoccurrence of access barriers post-remediation; and, (iii) that Plaintiff shall monitor Defendant's facilities to ensure that the injunctive relief ordered above remains in place.

c.	An Order certifying the class proposed by Plaintiffs, and naming Plaintiffs as class representatives and appointing their counsel as class counsel;

d.	Payment of costs of suit;

e.	Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

f.	The provision of whatever other relief the Court deems just, equitable and appropriate.

Respectfully submitted this the 29th day of January, 2021.

*/s/ Peter H. Burke*_____
Peter H. Burke (ASB-1992-K74P)
pburke@burkeharvey.com
BURKE HARVEY, LLC

3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
Phone: 205-930-9091
Fax: 205-930-9054

*/s/ John Allen Fulmer II*
John Allen Fulmer II (ASB-1089-O42F)
FULMER LAW FIRM, P.C.
2330 Highland Ave
Birmingham, AL 35205
205-534-2081
*Attorneys for Plaintiff DALLAS WELDON and*
*BOB LUJANO, individually and on behalf of all*
*others similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person by the Court's CM/ECF system, this the 29th day of January, 2021:

Whitney R. Brown
LEHR MIDDLEBROOKS VREELAND & THOMPSON, P.C.
P.O. Box 11945
Birmingham, AL 35202-1945

*/s/ Peter H. Burke*
OF COUNSEL